Honorable Mike Driscoll Harris County Attorney 1001 Preston, Suite 634 Houston, Texas 77002
Re: Authority of justice court to dismiss citations which contain fatal errors
Dear Mr. Driscoll:
You have requested our opinion regarding the authority of a justice of the peace to dismiss traffic citations which contain fatal errors, such as an impossible date or the failure to set a date for the defendant to appear. We understand your inquiry to refer to dismissal prior to the filing of the citation.
Although article 45.17 of the Code of Criminal Procedure lists the requisites of a proper complaint, including the date of the offense, neither the Code of Criminal Procedure nor any other statutory provision allows for the dismissal of a traffic citation prior to its filing. Of course, since the Code of Criminal Procedure applies to any case in justice court `in which a fine may be assessed,' article 4.15 of the Code of Criminal Procedure, the court may grant a motion to set aside the complaint by virtue of a defect therein. Code Crim. Proc. art. 28.04.
You also ask whether a proceeding under article 6701d, section 143A, V.T.C.S., need be entered on the docket of the justice of the peace court. Section 143A provides:
 Sec. 143A. (a) When a person is charged with a misdemeanor offense under this Act, other than a violation of Sections 50, 50a, or 51, committed while operating a motor vehicle, the court in its discretion may defer proceedings and allow the person 90 days to present evidence that, subsequent to the alleged act, he has successfully completed a defensive driver's course or other driving safety course approved by the court.
 (b) When the person complies with the provisions of Subsection (a) of this section and the evidence presented is accepted by the court, the court shall dismiss the charge against him. When a charge is dismissed under this section, the charge may not be part of the person's driving record or used for any purpose.
Article 45.13 of the Code of Criminal Procedure requires each justice of the peace to `keep a docket in which he shall enter the proceedings in each trial had before him.' Article 45.13 makes no exception for proceedings under section 143A. It is therefore our opinion that a justice of the peace is required to enter on his criminal docket all proceedings pursuant to article 6701d, section 143A, V.T.C.S.
 SUMMARY
A justice of the peace is not authorized to dismiss traffic citations prior to filing, but may afterward do so. A justice of the peace is required to enter on his criminal docket all proceedings pursuant to article 6701d, section 143A, V.T.C.S.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Richard E. Gray III Executive Assistant Attorney General
 Rick Gilpin Assistant Attorney General